IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STEPHEN LEE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-074 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court are Plaintiff's motions for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. nos. 30, 35.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions for attorney's fees be **GRANTED** (doc. no. 30, 35), and the Commissioner be **ORDERED** to pay Plaintiff's counsel $15,815.75 out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b). The Court herein recommends approval of a total fee award under § 406(b) of $20,373.00. However, the Court has deducted from this total the prior fee award of $4,557.25 made pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), which Plaintiff's counsel shall retain. See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010) (preferring courts deduct EAJA award from § 406(b) award rather than plaintiff's counsel having to issue refund of EAJA award); see also Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673, 674 (11th Cir. 2013) (deducting EAJA award from § 406(b) award).

**I.   BACKGROUND**

On July 7, 2016, the Court granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and, on August 16, 2016, awarded Plaintiff $4,557.25 in attorney's fees under the EAJA. (Doc. nos. 24, 29.) On July 25, 2017, Plaintiff filed a motion seeking attorney's fees pursuant to § 406(b), pending the Commissioner's forthcoming Notice of Award. (Doc. no. 30.) On November 18, 2017, the Commissioner awarded Plaintiff $105,492.00 in past-due benefits. (Doc. no. 35, pp. 7-11.) On December 4, 2017, Plaintiff filed a supplemental motion seeking a total fee award of $20,373.00 pursuant to a contingency fee contract for 25% of Plaintiff's past-due benefits. (Doc. no. 35.) The Commissioner opposes the motion, arguing Plaintiff's counsel incorrectly computed compensable hours and the amount sought would result in a windfall to counsel. (Doc. no. 37.)

**II.   DISCUSSION**

**A.   Plaintiff's Counsel Incorrectly Computed Compensable Hours.**

Plaintiff's counsel requests a total fee award of $20,373.00 based on 35 compensable hours of work. (Doc. no. 35, p. 4.) Plaintiff's counsel states he spent 25.75 hours up to the date of submission of his first motion for attorney's fees and 9.25 hours thereafter. (Doc. no. 35, p. 4; doc. no. 26, pp. 8-9; doc. no. 35-1, pp. 3-4.) Accordingly, Plaintiff's counsel claims an hourly rate of $582.00. (Doc. no. 35.)

The Commissioner argues Plaintiff's counsel is not entitled to compensation for (1) 1.5 hours previously disallowed by the Court for EAJA fees and (2) the 9.25 hours spent petitioning the Court for § 406(b) fees. (Doc. no. 37, p. 3.) Accordingly, the Commissioner argues Plaintiff's counsel has 24.25 compensable hours, resulting in an effective hourly rate

of $840.12.  (Id.)

The Court previously disallowed the disputed 1.5 hours when determining fees under the EAJA because requesting an extension for filing a brief benefits Plaintiff's counsel alone and is not compensable at taxpayer expense.  (Doc. no. 29 (citing Nelson v. Colvin, No. 8:14-CV-2297-EAK-MAP, 2015 WL 5867439 at *1 (M.D. Fla. Oct. 5, 2015)).)  The policy behind disallowing fees for such tasks in the context of the EAJA, where the taxpayer bears the cost burden, is not applicable in the context of fees under § 406(b), where fees are paid out of Plaintiff's past due benefits.  In addition, extension requests are a normal and customary part of litigation.  Thus, there is no clear justification for excluding the previously disallowed hours claimed by Plaintiff's counsel here, and, accordingly, those hours are compensable.

However, the Commissioner is correct that Plaintiff's counsel is not entitled to fees for hours expended attempting to obtain fees under § 406(b), as they do not represent a service to the client.  See Strickland v. Bowen, 669 F. Supp. 1086, 1088 (M.D. Ga. 1987) ("[T]ime spent by counsel to cause the opposing side to be liable for attorney's fees is compensable, while time spent by counsel to cause his own client to be liable for attorney's fees is not compensable.") (citing Whitt v. Califano, 601 F.2d 160, 161 n.2 (4th Cir. 1979)).  Accordingly, the 9.25 hours spent by Plaintiff's counsel petitioning the Court for fees under § 406(b) are not compensable, and Plaintiff's counsel may only seek compensation for a total of 25.75 hours.

### B.   Reasonableness of the Requested Fee

Attorney's fee awards in Social Security cases are governed by two statutes, 42 U.S.C. § 406(b), and 28 U.S.C. § 2412 of the EAJA.  Jackson, 601 F.3d at 1271.  Under 28

3

U.S.C. § 2412 of the EAJA, counsel may petition for a fee award based on an hourly rate. Alternatively, counsel may seek a reasonable contingency fee pursuant to 42 U.S.C. § 406(b) not in excess of "25 percent of the total of the past-due benefits to which the claimant is entitled." Bergen, 454 F.3d at 1276. The fee is payable "out of, and not in addition to, the amount of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). Counsel can obtain a § 406(b) award even after receipt of EAJA fees, so long as the EAJA payment is deducted or refunded to avoid double recovery. See Pub. L. 99-80, § 3, 99 Stat. 186 (1985); Gisbrecht, 535 U.S. at 796; Brown, 2014 WL 4928880 at *1. Under § 406(b), an attorney must seek the court's approval even if there is a client agreement. See Gisbrecht, 535 U.S. at 807.

Here, pursuant to the terms of the contingent-fee agreement, Plaintiff's counsel seeks $20,373.00, an amount equal to 25% of the past benefits awarded less $6,000 received under § 406(a). (Doc. no. 35.) As calculated above, counsel spent 25.75 compensable hours representing Plaintiff on appeal. (Doc. no. 22-4; doc. no. 22-1, pp. 1, 5.) The Commissioner argues the requested award, as computed in her brief, would create an unreasonable windfall of approximately $840 per hour. (See doc. no. 37, pp. 3-5.)

Where, as here, there is a valid contingent-fee agreement that does not exceed the statutory cap of 25% of past due benefits awarded, the Court should enforce the agreement so long as "the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." Jackson, 601 F.3d at 1271 (citing Gisbrecht, 535 U.S. 789). The Court acknowledges Plaintiff's counsel's extensive experience in

4

disability law, as well as the high quality of representation in this case.  (See doc. no. 35-1, pp. 2-3.)  Furthermore, there is no evidence or suggestion Plaintiff's counsel is responsible for any delay.

An award may be unreasonable if it is disproportionally large in comparison to the time spent on the case, such that the contingency fee would result in a windfall to claimant's attorney.  See Jackson, 601 F.3d at 1271.  However, the "best indicator of the 'reasonableness' of a contingency fee is the contingency percentage actually negotiated."  Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. Sept. 11, 2002).

Here, the total award requested is not disproportionate within the contemplation of Gisbrecht such that it would result in a windfall.  See 535 U.S. at 791.  An award of $20,373.00 for 25.75 hours of work equals $791.18 per hour, not the $840.12 per hour computed by the Commissioner.  This is reasonable under Gisbrecht.  See Hosley v. Colvin, No. 5:09-CV-379 (MTT), 2016 WL 7394532, at *2 (M.D. Ga. Dec. 21, 2016) (finding $20,000.00 for 23.40 hours of representation, or $854.70 per hour was reasonable); Mobley v. Colvin, No. 1:12-CV-64 WLS, 2014 WL 1320100, at *1 (M.D. Ga. Mar. 31, 2014) (finding fee amounting to $874.00 per hour was reasonable); Savage v. Astrue, No. CIV. A. 5:06CV196CAR, 2010 WL 2012032, at *3 (M.D. Ga. May 20, 2010) (finding $27,310.00 in attorney's fees for 33.8 hours of representation, or $807.99 per hour reasonable).  Thus, the Court finds a total award of $20,373.00 for 25.75 hours of representation, with an effective hourly rate of $791.18, is reasonable.

Because Plaintiff's counsel was previously awarded $4,557.25 in EAJA fees, the Commissioner should pay Plaintiff's counsel $15,815.75 out of Plaintiff's past-due benefits, which represents a total fee award of $20,373.00, allowing Plaintiff's to retain rather than

refund the EAJA award.  See Jackson, 601 F.3d at 1271-72.

### III. CONCLUSION

The Court  **REPORTS** and **RECOMMENDS** Plaintiff's motions for attorney's fees be **GRANTED** (doc. no. 30, 35), and the Commissioner be **ORDERED** to pay Plaintiff's counsel $15,815.75 out of Plaintiff's past-due benefits.

SO REPORTED and RECOMMENDED this 12th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA